UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC ) | Case No.: 10-CV-01415-LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING MOTION FOR |
| ) | DEFAULT JUDGMENT |
| v. ) | |
| ) | |
| JOHN P. QUACH, and THIEN TRAN a/k/a ) | |
| HIEN TRAN, INDIVIDUALLY and d/b/a AM ) | |
| THAM, and LIEM V. NGO, INDIVIDUALLY ) | |
| and d/b/a AM THAM, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Clerk of the Court entered default against Defendant Liem V. Ngo, doing business as Am Tham ("Defendant"), after Defendant failed to appear or otherwise respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil Procedure. Before the Court is Plaintiff G & G Closed Circuit Events, LLC's motion for default judgment. Defendant, not having appeared in this action to date, has not opposed the motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument. For the reasons discussed below, Plaintiff's motion for default judgment is GRANTED.

## I. Background

Plaintiff alleges that it owns exclusive commercial distribution rights to the pay-per-view program "*Strikeforce*: *Featuring Frank Shamrock v. Nick Diaz*" ("Program"), originally broadcast nationwide on April 11, 2009. First Amended Compl. ("FAC") ¶ 11. The program was unlawfully intercepted and exhibited by Defendant, at his commercial establishment ("Am Tham") located in San Jose, California. FAC ¶ 12. On April 30, 2010, Plaintiff filed this action for violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and 47 U.S.C. § 553, as well as violations of California law against conversion and California Business and Professions Code § 17200. In the pending motion for default judgment, however, Plaintiff seeks damages only under 47 U.S.C. § 605 and for conversion.

Plaintiff requests $10,000 in statutory damages for violation of 47 U.S.C. § 605(e)(3)(C)(i)(II), and $100,000 in enhanced damages for willful violation of 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff also seeks costs and attorney fees pursuant to 47 U.S.C. § 605(e)(3)(b)(iii). Finally, with respect to its conversion claim, Plaintiff seeks $1,600, the amount Defendant would have been required to pay had he ordered the "Program" from Plaintiff. Satisfied of its subject matter jurisdiction (federal statutes at issue) and personal jurisdiction (Defendant resides and does business in California), the Court shall proceed to review Plaintiff's motion for default judgment.

## II. Discussion

### A. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b)(2), when the defendant fails to timely answer a complaint, the plaintiff may move the court for an entry of default judgment. The grant of a default judgment is within the discretion of the court. *Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir. 1986). In exercising discretion to enter default judgment, the court should consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

1  excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure
2  favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Here, the Court finds that the *Eitel* factors favor entry of default judgment.  First, Plaintiff will be prejudiced if default judgment is not entered.  Plaintiff has presented proof of adequate service of process, and Defendant has failed to timely answer, leading the Clerk of Court to enter default against Defendant.  *See* Dkt. Nos. 25-27.  Because Defendant has refused to take part in the litigation, Plaintiff will be denied the right to adjudicate its claims and obtain relief if default judgment is not granted.  Second, Defendant has not presented a defense or otherwise communicated with the Court.  Accordingly, there is no indication that Defendant's default was due to excusable neglect or that the material facts are subject to dispute.  Third, although entry of default judgment may not be appropriate where a large sum of money is at stake, *see Eitel v. McCool*, 782 F.2d at 1472, here the damages sought are statutory, and the amount is left to the Court's discretion.

The merits of Plaintiff's claims and the sufficiency of the Complaint also favor entry of default judgment.  Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true, except as to the amount of damages.  *Fair Hous. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir. 1977).  Plaintiff has adequately alleged a violation of 47 U.S.C. § 605 and conversion by claiming that Defendant knowingly decrypted and displayed the Program for commercial gain and without paying to Plaintiff its rightful license fee.  *See* FAC ¶¶ 10-19, 25-28.  Taken as true, these allegations are sufficient to establish a claim for violations of the Federal Communications Act and for conversion.

Finally, although strong public policy favors decisions on the merits, in light of Defendant's refusal to litigate, it does not appear that litigation of the merits will be possible in this case.  In sum, the Court finds that the *Eitel* factors collectively favor entry of default judgment.  The Court therefore GRANTS Plaintiff's motion for entry of default judgment.

Case No.: 10-CV-01415-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

### B. Damages

#### 1. Statutory Damages under Section 605(e)(3)(c)(i)(II)

Section 605(e)(3)(c)(i)(II) provides that an aggrieved party may recover a sum of not less than $1,000 and not more than $10,000 for each violation of § 605(a), as the Court considers just. "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *Joe Hand Promotions v. Ho,* No. C-09-01435 RMW, 2009 WL 3047231, at *1 (N.D. Cal. Sept. 18, 2009) (quoting *Garden City Boxing Club, Inc. v. Zavala*, No. C 07-5925 MMC, 2008 WL 3875272, at *1 (N.D. Cal. Aug. 18, 2008).

A commercial license for the broadcast of the Program would have cost Defendant $1,600. *See* Decl. of Thomas P. Riley at 2; Pl.'s Mot. for Default Judgment at 15. Alternatively, as to potential profits of Defendant, Plaintiff submits evidence that up to 56 patrons were present at Am Tham at the time of the Program, that there was no cover charge, and that only two of seven televisions showed the Program. Decl. of Affiant of Jeff Kaplan ("Kaplan Decl."), attached to Mot. for Default Judgment. As there is no evidence of how much profit Defendant generated from the unlawful exhibition of the Program, the Court shall base statutory damages on the cost of the commercial license. Accordingly, the Court finds that Plaintiff is entitled to $1,600 in statutory damages.

#### 2. Enhanced Damages under Section 605(e)(3)(C)(ii)

Enhanced damages of up to $100,000 are available when the violation was committed willfully and for the purpose of commercial advantage or private financial gain. *See* 47 U.S.C. § 605(e)(3)(C)(ii). In this case, there is no evidence that Defendant advertised the fight, charged a cover charge, or had a minimum purchase requirement. According to Plaintiff's investigator, Defendant had seven televisions, of which only two showed the Program. *See* Kaplan Decl. at 1. Plaintiff also submits that the broadcast was encrypted, and thus Defendant "must have undertaken specific wrongful actions" to intercept the Program. *See* Pl.'s Mot. for Default Judgment at 4. Although not egregious, these facts do suggest that Defendant acted willfully for commercial advantage and private financial gain.

4

Case No.: 10-CV-01415-LHK
ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

The $100,000 maximum damages available, however, are not warranted under these circumstances. Numerous courts in the Northern District of California have found a $5,000 enhancement proper when there were a relatively modest number of patrons present, and the defendant imposed a cover charge. *See, e.g., Garden City Boxing Club, Inc. v. Lan Thu Tran*, 2006 WL 2691431, at *2 (N.D. Cal. Sept. 20, 2006) (awarding $1,000 in statutory damages and $5,000 in enhanced damages when 40 patrons were present and a $10 cover charge was imposed). Here, because no cover charge was imposed and the Progam was displayed on only two of seven televisions, the Court views $1,600 amount as a reasonable enhancement. Accordingly, the Court finds Plaintiff entitled to $1,600 in enhanced damages.

### 3. Damages for Conversion

Plaintiff also seeks $1,600 damages for conversion under California Civil Code § 3336. The elements of conversion are: 1) ownership of a right to possession of property; 2) wrongful disposition of the property right of another; and 3) damages. *See G.S. Rasmussen & Assoc. v. Kalitta Flying Serv.,* 958 F.2d 896, 906 (9th Cir. 1992). Here, Plaintiff's well-pleaded allegations regarding liability, which are taken as true now that the Clerk has entered default, are sufficient to entitle Plaintiff to damages. Plaintiff alleges ownership of the distribution rights to the Program, misappropriation of those rights by Defendant's unlawful interception, and damages. FAC ¶¶ 25-28. Damages for conversion are based on the value of the property at the time of conversion. *See Arizona Power Corp. v. Smith,* 119 F.3d 888, 890 (9th Cir. 1941). Plaintiff seeks damages for conversion in the amount of $1,600. As noted above, the commercial license would have cost Defendant $1,600, and thus Plaintiff's request is appropriate. Accordingly, Plaintiff is entitled to $1,600 in damages for conversion.

### 4. Costs and Fees

Costs and reasonable attorney's fees are recoverable under 47 U.S .C. § 605(e)(3)(b)(iii). However, Plaintiff's counsel did not attach an affidavit of attorney's fees and costs to Plaintiff's motion for default judgment. Accordingly, the Court denies Plaintiff's request for costs and reasonable attorney's fees without prejudice. If Plaintiff seeks to recover costs and fees, it must file a motion, along with supporting documentation, within 30 days of the date of this Order.

### III. Order

Good cause therefore appearing, Plaintiff's motion for default judgment is GRANTED. Judgment shall be entered in favor of Plaintiff G & G Closed Circuit Events, LLC against Defendant Liem V. Ngo, d/b/a Am Tham in the amount of $4,800 in total damages. Plaintiff's counsel shall file a motion for attorney's fees and costs within 30 days of the date of this Order. The motion hearing currently scheduled for Thursday, March 3, 2011 is VACATED. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 23, 2011

_____
LUCY H. KOH
United States District Judge